Robert S. Grossman, Of Counsel (RG 8043)
ADAM B. KAUFMAN & ASSOCIATES, PLLC
585 Stewart Avenue, Suite 302
Garden City, NY 11530
Tel. (516) 228-8823
Fax (516) 228-8824
Attorney for Defendant Amy Greenberg

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| Cold Stone Creamery, Inc. and, Cold Stone Creamery Leasing Company, Inc., | CASE NO. 07-CIV-6705 |
| Plaintiffs | |
| V. | **ANSWER** |
| Blue Ice Creamery, Inc., Starry Night, Inc., The Stone at Lynbrook, Inc., Sparky's Delights, Inc., The Stone at Melville, Inc., Marc Mandelbaum, Roy Mandelbaum, Eric Levine, Karen Levine and Amy Greenberg, | Robinson, J. |
| Defendants. | |

---

Defendant **AMY GREENBERG, an individual,** by her attorneys, **ADAM B. KAUFMAN & ASSOCIATES, PLLC,** as and for her Answer to the Complaint, states as follows:

<u>Answering the Preamble</u>

1. Defendant Greenberg denies the allegations set forth in the unnumbered introductory Paragraphs of the Complaint set forth on pages one and two thereof.

<u>The Parties</u>

2. Defendant Greenberg lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 as to the Plaintiff Cold Stone Creamery, Inc., and denies the allegations set forth in the last sentence of Paragraph 1.

3. Defendant Greenberg lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 as to the Plaintiff Cold Stone Creamery Leasing Company, Inc., and denies the allegations set forth in the last sentence of Paragraph 2, except that she has only recently been operating one of the stores.

4. Defendant Greenberg lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16 and 17, and respectfully refers this Honorable Court to the subject documents as to matters set forth therein, and to determine the rights, duties, obligations and liabilities of the parties pursuant to such documents.

5. Defendant Greenberg denies the allegations set forth in Paragraph 18, except admits that she is a citizen of the State of New York.

## Venue and Jurisdiction

6. Defendant Greenberg denies the allegations set forth in Paragraphs 19, 20 and 21, except admits that she resides within this District.

## Background

7. Defendant Greenberg lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 22, 23, 24, 25, 26, 27, 28 and 29.

8. Defendant Greenberg denies the allegations set forth in Paragraphs 30, 31, 32, 33, 34, 35, 36, 37, and 38, except set forth in the subject documents, and respectfully refers this Honorable Court to the subject documents to determine the rights, duties, obligations and liabilities of the parties pursuant to such documents.

9. Defendant Greenberg denies the allegations set forth in Paragraphs 39, 40, and 41, except set forth in the subject documents, and respectfully refers this Honorable Court to the subject documents to determine the rights, duties, obligations and liabilities of the parties pursuant to such documents.

10. Defendant Greenberg denies the allegations set forth in Paragraphs 42 and 44, except set forth in the subject documents, and respectfully refers this Honorable Court to the subject documents to determine the rights, duties, obligations and liabilities of the parties pursuant to such documents.

11. Defendant Greenberg lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 except set forth in the subject documents, and respectfully refers this Honorable Court to the subject documents to determine the rights, duties, obligations and liabilities of the parties pursuant to such documents.

12. Defendant Greenberg denies the allegations set forth in Paragraphs 45, 46, 47, 48, 49, 50, 51, 52, 53.

13. Defendant Greenberg lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 54, and respectfully refers this Honorable Court to the statutes and subject documents to determine the rights, duties, obligations and liabilities of the parties pursuant to such documents.

14. Defendant Greenberg denies the allegations set forth in Paragraph 55.

15. Defendant Greenberg denies the allegations set forth in Paragraphs 56, and 57 except admits that she received certain correspondence from the Plaintiffs, and respectfully refers this Honorable Court to the subject documents to determine the rights, duties, obligations and liabilities of the parties pursuant to such documents.

16. Defendant Greenberg denies the allegations set forth in Paragraphs 58, 59, and 60.

Answering "Count I"

17. Defendant Greenberg denies the allegations set forth in Paragraph 61, to the extent that a denial is required, and otherwise refers to the responses to the allegations set forth in Paragraphs 1 through 60 of the Complaint as set forth herein.

18. Defendant Greenberg lacks denies the allegations set forth in Paragraphs 62, 63, 64, 65, 66, 67, and 68.

19. Defendant Greenberg denies the allegations set forth in Paragraph 69 except admits that she received certain correspondence from the Plaintiffs, and respectfully refers this Honorable Court to the subject documents to determine the rights, duties, obligations and liabilities of the parties pursuant to such documents.

20. Defendant Greenberg lacks denies the allegations set forth in Paragraphs 70, 71 and 72.

Answering "Count II"

21. Defendant Greenberg denies the allegations set forth in Paragraph 73, to the extent that a denial is required, and otherwise refers to the responses to the allegations set forth in Paragraphs 1 through 72 of the Complaint as set forth herein.

22. Defendant Greenberg denies the allegations set forth in Paragraph 74.

23. Defendant Greenberg denies the allegations set forth in Paragraph 75 except admits that she received certain correspondence from the Plaintiffs, and respectfully refers this Honorable Court to the subject documents to determine the rights, duties, obligations and liabilities of the parties pursuant to such documents.

24. Defendant Greenberg denies the allegations set forth in Paragraph 76.

25. Defendant Greenberg denies the allegations set forth in Paragraph 77 except admits that she received certain correspondence from the Plaintiffs, and respectfully refers this Honorable Court to the subject documents to determine the rights, duties, obligations and liabilities of the parties pursuant to such documents.

26. Defendant Greenberg denies the allegations set forth in Paragraphs 78 and 79.

Answering "Count III"

27. Defendant Greenberg denies the allegations set forth in Paragraph 80, to the extent that a denial is required, and otherwise refers to the responses to the allegations set forth in Paragraphs 1 through 79 of the Complaint as set forth herein.

28. Defendant Greenberg denies the allegations set forth in Paragraph 81.

29. Defendant Greenberg denies the allegations set forth in Paragraph 82 except admits that she received certain correspondence from the Plaintiffs, and respectfully refers this Honorable Court to the subject documents to determine the rights, duties, obligations and liabilities of the parties pursuant to such documents.

30. Defendant Greenberg denies the allegations set forth in Paragraphs 83 and 84.

Answering "Count IV"

31. Defendant Greenberg denies the allegations set forth in Paragraph 85, to the extent that a denial is required, and otherwise refers to the responses to the allegations set forth in Paragraphs 1 through 84 of the Complaint as set forth herein.

32. Defendant Greenberg denies the allegations set forth in Paragraphs 86, 87, and 88.

Answering "Count V"

33. Defendant Greenberg denies the allegations set forth in Paragraph 89, to the extent that a denial is required, and otherwise refers to the responses to the allegations set forth in Paragraphs 1 through 88 of the Complaint as set forth herein.

34. Defendant Greenberg lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 90.

35. Defendant Greenberg denies the allegations set forth in Paragraphs 91, 92, and 93.

Answering "Count VI"

36. Defendant Greenberg denies the allegations set forth in Paragraph 94, to the extent that a denial is required, and otherwise refers to the responses to the allegations set forth in Paragraphs 1 through 93 of the Complaint as set forth herein.

37. Defendant Greenberg denies the allegations set forth in Paragraphs 95, 96, and 97.

AS AND FOR A FIRST AFFIRMATIVE DEFENSE

38. The Complaint fails to state a cause of action and/or fails to allege facts sufficient upon which this Honorable Court may grant relief.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE

39. The Plaintiffs failed to properly mitigate their damages.

AS AND FOR A THIRD AFFIRMATIVE DEFENSE

40. The claims set forth in the Complaint are barred by the doctrines of estoppel and/or waiver and/or laches.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

41. Defendant Greenberg acted in good faith and innocent intent and without any belief that her acts constituted any infringement of any of Plaintiffs' rights.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

42. The claims set forth in the Complaint are barred as Plaintiffs engaged in coercion and/or duress and/or have unclean hands.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

43. The Plaintiffs failed to join one or more necessary parties.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

44. The claims set forth in the Complaint are barred as Plaintiffs engaged in fraudulent and illegal acts.

**WHEREFORE,** the Defendants demand judgment against the Plaintiff as follows:

1. Dismissing the Complaint in its entirety;
2. Awarding the Defendants the costs and disbursements of this action; and
3. Granting such other and further relief as to this Court deems just and proper.

DATED:   Garden City, New York
         August 15, 2007

ADAM B. KAUFMAN & ASSOCIATES, PLLC

_S/_____
Robert S. Grossman, Of Counsel (RG 8043)
Attorney for Defendant Amy Greenberg
585 Stewart Avenue, Suite 302
Garden City, NY 11530
(516) 745-1700

6

TO:   Ronald Degan, Esq. (RD 7808)
      Scott Goldfinger, Esq. (SC 9219)
      O'ROURKE & DEGEN, PLLC
      225 Broadway, Suite 715
      New York, New York 10007
      (212) 227-4530

      Robert L. Zisk, Esq. (RZ 1275)
      Stephen J. Vaughan, Esq. (SJ 2990)
      GRAY, PLANT, MOOTY, MOOTY
        & BENNETT, P.A.
      2600 Virginia Avenue, N.W., Suite 1111
      Washington, DC 20037
      (202) 295-2250

      Attorneys for Plaintiffs
      Cold Stone Creamery, Inc. and
      Cold Stone Creamery Leasing Company, Inc.